Matthew Z. Crotty
McKenzie R. Lawrence
Riverside NW Law Group, PLLC
601 W. Riverside Ave., Suite 810
Spokane, WA 99201
(509) 850-7011
mzc@rnwlg.com | mrl@rnwlg.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD FORTMAN, an individual,<br><br>  Plaintiff,<br>v.<br>CITY OF COEUR D'ALENE, a municipal corporation and political subdivision of the State of Idaho; TROY TYMESEN, an individual,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

# COMPLAINT

This is a civil action brought by Plaintiff Richard Fortman ("Mr. Fortman") against the City of Coeur d'Alene (the "City"), as well as City Administrator Troy Tymesen ("Defendant Tymesen") for retaliation in violation of 42 U.S.C. § 1983. As explained herein, the City, at Defendant Tymesen's direction and authority, refused to hire Mr. Fortman to return to his prior position of employment with the City—despite his excellent performance record—because Mr. Fortman exercised his Constitutional right to speak out regarding the City's financial mismanagement. Defendants' conduct was flagrantly unlawful and demands immediate correction.

COMPLAINT AND DEMAND FOR JURY TRIAL: 1

## PARTIES

1. Mr. Fortman is a resident of Kootenai County, Idaho. Mr. Fortman worked, on and off, for the Coeur d'Alene ("City") Street Department beginning in 2013. From August 2022 to March 2025 Mr. Fortman worked for the City in a full-time capacity. During his employment, Mr. Fortman served as the Vice President of the Lake City Employee Association ("LCEA") and a member of the safety committee.

2. The City is a municipal corporation and political subdivision of the State of Idaho.

3. At all times relevant to this litigation, Defendant Tymesen was the City Administrator for the City. Upon information and belief, Defendant Tymesen is a resident of Kootenai County, Idaho.

## JURISDICTION AND VENUE

4. This Complaint seeks remedies pursuant to 42 U.S.C. § 1983, alleging violation of the First Amendment to the Constitution of the United States of America.

5. This Court has original jurisdiction over Mr. Fortman's claims pursuant to 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because, at the times these causes of action arose in Coeur d'Alene, Idaho which is located in the District of Idaho.

7. Since no tort claim must be filed before commencing this §1983 action the administrative prerequisites to filing suit are met. "The Idaho Tort Claims Act does not bar claims brought pursuant to § 1983." *Werenka v. City of Boise*, No. 1:23-CV-00275-BLW, 2024 WL 342326, at *9 (D. Idaho Jan. 30, 2024) (*citing Felder v. Casey*, 487 U.S. 131 (1988) (holding that a notice-of-claim provision in Wisconsin's sovereign immunity statute was preempted by the Supremacy Clause as inconsistent with the purpose and nature of § 1983). *See also Henderson v. State*, 110 Idaho 308, 311 (Idaho 1986) (declining to apply the Act's statute of limitations to § 1983 claims).

COMPLAINT AND DEMAND FOR JURY TRIAL: 2

## FACTUAL ALLEGATIONS

8. In or around February 2013, the City hired Mr. Fortman in a seasonal position with the City Street Department, and later a seasonal position with the City Water Department.

9. On or about August 22, 2022, Mr. Fortman was hired in a full-time position with the Coeur d'Alene Street Department.

10. During his employment, Mr. Fortman's supervisor and director was Todd Feusier.

11. Mr. Fortman did not receive any negative performance evaluations and had no disciplinary history during his employment with the City.

12. Beginning in June 2024 Mr. Fortman served as the Vice President of the LCEA.

13. In January 2025, Mr. Fortman communicated with Defendant Tymesen in his capacity as a union representative with the LCEA regarding wage compression issues.

14. In March 2025, Mr. Fortman gave his two-week notice and left his position with the City because the wages were insufficient to pay his necessary monthly expenses.

15. On or about March 28, 2025, Mr. Fortman's employment with the City ended.

16. On or about April 1, 2025, Mr. Fortman attended a Coeur d'Alene City Council meeting.

17. During the public comment portion of the meeting, Mr. Fortman spoke as a citizen on a matter of public concern regarding issues with City employee wages and financial mismanagement of City resources.

18. Mr. Fortman explained the discrepancy between his wages as a City employee and his fixed monthly expenses, criticizing the wages and the City budget.

19. Because of his prior role as Vice President of the LCEA, Mr. Fortman was aware that the union would be entering into a renegotiation for wages and employee compensation.

20. Mr. Fortman's public comment, which made reference to his status as "former vice president of LCEA", stated in relevant part:

COMPLAINT AND DEMAND FOR JURY TRIAL: 3

By living in this community, we enter into a social contract, an understanding that public servants should be able to afford to live in the place that they serve. And right now, that contract is broken. I understand that the city's tight on money, but that didn't happen overnight. This was a result of decades of decisions, maybe not the best ones, but they were decisions, like not adjusting impact fees, not raising taxes, and not keeping up with inflation. And let me remind you, the city employees were not greedy. Twice they were asked to give back their colas for a little bit of breathing room because the city was unable to maintain what they were paying. Now the city is in a financial situation where they're trying to play catch-up with a geo bond to replace outdated equipment. That should be in the budget. The city has not made the right long-term financial choices, and our employees are paying the price. Please take this as an opportunity to do better.

21. Defendant Tymesen was present at the Coeur d'Alene City Council meeting on April 1, 2025.

22. Approximately three weeks after the April 1, 2025, meeting, Mr. Fortman reached out to the City regarding returning to his previous position.

23. Mr. Fortman's former director, Todd Feusier, was supportive and wanted Mr. Fortman to return to his position.

24. However, after Mr. Feusier spoke with Defendant Tymesen, Mr. Feusier informed Mr. Fortman that he could no longer offer the position.

25. On or about April 28, 2025, Mr. Fortman contacted Defendant Tymesen, asking him to reconsider his decision not to re-hire Mr. Fortman.

26. On or about April 28, 2025, Defendant Tymesen responded by stating, "It is unfortunate that the plan you shared with the City and its elected officials has not gone as you would have desired. . . . The City is not going to offer you back your old position."

27. Other employees of the City have left their position and were re-hired to their prior role easily, including Shawn Weedman and Cameron Poole.

28. Mr. Weedman and Mr. Poole did not make public comments critical of the City's financial mismanagement.

29. Despite extensive efforts to obtain new employment, Mr. Fortman has been unable to secure another position with a municipal employer despite having no disciplinary history or negative performance evaluations.

COMPLAINT AND DEMAND FOR JURY TRIAL: 4

30. Mr. Fortman interviewed with the City of Liberty Lake, but after Liberty Lake contacted the City for an employment reference, Mr. Fortman was not hired.

## FIRST CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983 – 1st Amendment Freedom of Speech & Association**
**(Against Defendant Tymesen)**

31. Mr. Fortman realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

32. Under 42 U.S.C. § 1983, a public employee may state a cause of action for retaliation resulting from the exercise of rights guaranteed under the First Amendment.

33. A plaintiff who alleges retaliation must show: (1) the plaintiff spoke on a matter of public concern; (2) the plaintiff spoke as a private citizen or public employee; and (3) the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action. *See Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025).

34. Refusing to hire an applicant is an adverse employment action. *Avila-Arreola v. King Orchards, Inc.*, 2021 WL 3672231, at *5 (D. Or. 2021), *unpublished* (*citing Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("[A]n adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment.").

35. Defendant Tymesen, while acting under the color of the law, violated Mr. Fortman's Constitutional rights by rejecting his application for re-hire in retaliation for speaking out regarding the City's financial mismanagement.

36. Mr. Fortman was engaged in protected speech as a private citizen when he spoke at the Coeur d'Alene City Council meeting on April 1, 2025. *See Greisen v. Hanken*, 925 F.3d 1097, 1110-11 (9th Cir. 2019) (finding statements made to city councilors and city finance

COMPLAINT AND DEMAND FOR JURY TRIAL: 5

Case 2:25-cv-00705-DKG   Document 1   Filed 12/16/25   Page 6 of 8

administrator regarding concerns with the city's financial mismanagement were made as a private citizen and involved matters of public concern).

37. Defendant Tymesen took retaliatory action against Mr. Fortman that adversely affected Mr. Fortman's Constitutionally-protected speech.

38. Defendant Tymesen's email correspondence to Mr. Fortman rejecting his request for re-hire on April 28, 2025, made clear that Mr. Fortman would not be re-hired because of his First Amendment-protected statements at the City Council meeting.

39. Defendant Tymesen's violations of Mr. Fortman's First Amendment rights to freedom of speech and association have caused Mr. Fortman damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983 – 1st Amendment Freedom of Speech & Association**
**(Against Defendant City of Coeur d'Alene)**

40. Mr. Fortman realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

41. A §1983 claim against a political subdivision like the City requires showing "(1) The local government official(s) must have intentionally violated the plaintiff's constitutional rights; (2) The violation must be a part of policy or custom and may not be an isolated incident; and (3) There must be a link between the specific policy or custom to the plaintiff's injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.,* 436 U.S. 658, 690-92 (1978).

42. A plaintiff establishes the "custom and policy" element by showing "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision." *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir.2005).

COMPLAINT AND DEMAND FOR JURY TRIAL:  6

43. City Administrator, Defendant Tymesen, was the final policy maker regarding the refusal to re-hire Mr. Fortman in retaliation for his Constitutionally-protected speech as a private citizen at the April 1, 2025, City Council meeting.

44. The City Council has no role in hiring or firing non-exempt employees like Mr. Fortman.

45. Defendant Tymesen's decision not to re-hire Mr. Fortman was made on behalf of the City—in Defendant Tymesen's own words: "The City is not going to offer you back your old position."

46. The link between the custom and policy and injury is clear as Defendant Tymesen's April 28, 2025, email shows his decision not to re-hire Mr. Fortman was motivated by the "plan [Mr. Fortman] shared with the City and its elected officials."

47. The City's actions have caused Mr. Fortman damage in an amount to be proven at trial.

## JURY DEMAND

48. Mr. Fortman hereby demands a jury trial on all claims.

**WHEREFORE** Mr. Fortman prays for judgment in his favor and against the City and Defendant Tymesen on all claims, as follows:

   a. For an award of compensatory and punitive damages against Defendant Tymesen and compensatory damages against the City, in an amount to be proven at trial;
   b. For an award of reasonable attorney fees occurred in connection with this action, as permitted by statute;
   c. For an award of costs and prevailing party fees, as permitted by statute;
   d. For an award of front pay;
   e. For pre- and post-judgment interest, adverse tax consequences, on all sums awarded;

COMPLAINT AND DEMAND FOR JURY TRIAL: 7

and,

f.  For such other and further relief as is just and equitable.

DATED: December 16, 2025.

                                           RIVERSIDE NW LAW GROUP, PLLC

                                           */s/ Matthew Z. Crotty*
                                           Matthew Z. Crotty, ISB No. 8653
                                           McKenzie R. Lawrence, ISB No. 11216
                                           601 W. Riverside Ave., Suite 810
                                           Spokane, WA 99201
                                           (509) 850-7011
                                           mzc@rnwlg.com | mrl@rnwlg.com
                                           *Attorneys for Plaintiff*

COMPLAINT AND DEMAND FOR JURY TRIAL: 8